**Ian S. Hoffman**
+1 202.942.6406 Direct
Ian.Hoffman@arnoldporter.com

August 6, 2026

**VIA ELECTRONIC FILING**

Clifton Cislak, Clerk of the Court
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: *National Association of the Deaf v. Trump*, No. 25-5402,
Supplemental Authority Under Federal Rule of Appellate Procedure 28(j)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Appellees write to address *FS Credit Opportunities Corp. v. Saba Capital Master Fund, Ltd.*, 146 S. Ct. 1546 (2026), and *Cisco Systems, Inc. v. Doe I*, 146 S. Ct. 1882 (2026), both decided after Appellees' brief and relied upon in the Government's reply. Neither supports reversal.

*FS Credit* addressed whether the Investment Company Act provides a private right of action to rescind contracts violating the ICA. Critically, the ICA lacks the type of rights-creating language in Section 504(a)—language the Supreme Court has repeatedly held creates a private right of action. Appellees' Br. 15–24 (discussing *Cannon* and its progeny). Last year, the Court reaffirmed that courts "remain[] bound by *Cannon*'s holdin[g]," despite the subsequent "shift in this Court's approach." *Medina v. Planned Parenthood*, 606 U.S. 357, 369 n.1 (2025). Because the ICA does not include the same kind of rights-creating language, *FS Credit* did not disturb the Court's consistent treatment of such language and is irrelevant here.

Moreover, while *FS Credit* reasoned that Congress's express authorization of suit in one provision may show lack of authorization under another, the other ICA provisions plainly authorized suit: stating "[a]n action may be brought" and referencing a "[s]uit to recover" profits. 146 S. Ct. at 1554–55. Here, Section 505 does not authorize suit; it merely adds remedies for claims created elsewhere, *e.g.*, in Section 504(a). Appellees' Br. 24–32.

*FS Credit* also recognized Congress's creation of a comprehensive enforcement scheme—there, SEC enforcement—can foreclose an implied private right. 146 S. Ct. at 1553–55. Nothing in Section 504 or 505 creates such a scheme, including 504(a)'s bare directive to issue regulations. Appellees' Br. 45–47.

*Cisco* is further afield. It concerned the Alien Tort Statute, a jurisdictional statute creating no cause of action, and held that courts may not create new ones to enforce international-law norms. 146 S. Ct. at 1886–92. Its alternative remedial structure was the Torture Victim Protection Act, an express statutory claim. *Id.* Those features are absent here, where the action arises from Section 504(a)'s own rights-creating language. Appellees' Br. 15–24.

Respectfully submitted,

/s/ *Ian S. Hoffman*

Ian S. Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
ian.hoffman@arnoldporter.com

*Counsel for Appellees*