Arnold & Porter

**Ian S. Hoffman**
+1 202.942.6406 Direct
Ian.Hoffman@arnoldporter.com

August 6, 2026

**<u>VIA ELECTRONIC FILING</u>**

Clifton Cislak, Clerk of the Court
United States Court of Appeals
for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: *National Association of the Deaf v. Trump*, No. 25-5402,
Supplemental Authority Under Federal Rule of Appellate Procedure 28(j)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Appellees submit *Trump v. Cook*, 146 S. Ct. 2234 (2026).

Because the district court correctly held Section 504(a) creates a private right of action, this Court need not reach its alternative holding that Plaintiffs also may sue in equity. Nevertheless, if this Court reaches the issue, *Cook* supports that alternative holding.

Cook sued in equity to enjoin federal officials from exceeding their federal statutory authority. The Government argued, as it does here, that Cook could not prevail without satisfying *Leedom v. Kyne*'s heightened standard reiterated in *NRC v. Texas*, 605 U.S. 665 (2025). *See* Gov't Supp. Br. 14-15, *Cook* (Nov. 19, 2025); Gov't Br. 39-47.

The Supreme Court rejected that contention. *Cook*, 146 S. Ct. at 2251 n.2. It did not apply the "Hail Mary" *Leedom* standard the Government advocated and Justice Thomas asserted in dissent. Gov't Appl. 22, *Cook* (Sept. 18, 2025); 146 S. Ct. at 2275 n.6. Instead, the Court conducted ordinary statutory interpretation and assessed whether Cook's removal was statutorily authorized. *Id*. at 2248-56. The Court also did not assess whether it was "contrary to a specific prohibition in a statute," *NRC*, 605 U.S. at 681, or otherwise apply *Leedom* as the Government and Justice Thomas argued was required and as the Government argues here. *See* Gov't Appl. 25, *Cook* (Sept. 18, 2025); 146 S. Ct. at 2275 n.6; Gov't Br. 39-40.

The majority also disagreed with Justice Thomas's assertion that Cook's "right of action must come from Congress." 146 S. Ct. at 2275. Citing *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327 (2015), the Court explained: "[w]e have often held that plaintiffs may sue 'in equity' without a congressionally-provided cause of action to prevent an injurious act by a public officer." 146 S. Ct. at 2251 n.2 (cleaned up).

So too here: even if Section 504(a) did not supply a right of action, Plaintiffs may sue in equity under *Armstrong*. And, as in *Cook*, *Leedom* is no obstacle. Accordingly, if this Court reaches the issue, it should affirm the district court's alternative holding that Plaintiffs can seek relief in equity.

Respectfully submitted,

/s/ *Ian S. Hoffman*

Ian S. Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
ian.hoffman@arnoldporter.com

*Counsel for Appellees*