**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8849

August 19, 2026

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

RE: *National Association of the Deaf v. Trump*, No. 25-5402

Dear Mr. Cislak:

I write in response to plaintiffs' Rule 28(j) letter concerning *Trump v. Cook*, 146 S. Ct. 2234 (2026).

First, the point the Supreme Court resolved in footnote 2 of the *Cook* opinion was not—as plaintiffs suggest—whether the *Leedom v. Kyne* standard applies to claims for equitable relief from a statutory violation. It was whether an equitable cause of action existed at all. *Trump v. Cook*, 146 S. Ct. 2234, 2251 n.2 (2026). It is true that, in proceeding to analyze the plaintiff's equitable claim, the Court did not (at least expressly) apply the heightened standard. *See id.* at 2275 n.6 (Thomas, J., dissenting) (describing the majority as having "waive[d] the[] requirements" of that standard). But the Supreme Court's silence on the standard does not overrule its recent holding in *NRC v. Texas*, 605 U.S. 665, 681 (2025). Nor does it abrogate this Court's repeated application of the heightened standard—including, very recently, in *National Trust for Historic Preservation v. National Park Service*, 2026 WL 2276494, at *25 (D.C. Cir. Aug. 7, 2026).

Second, and more importantly, Congress had not precluded equitable review in *Cook* in the way that it has in this case. In *Cook*, the only "'statutory limitation on judicial review'" that the government invoked was that Congress had "limited judicial review under the APA to agency action, not presidential action." Supp. Br. 14, *Trump v. Cook*, 2025 WL 3284267, at *14 (filed Nov. 19, 2025). The statute at issue, 12 U.S.C. § 242, was silent about the means of review. Here, by contrast, Congress has provided certain means of enforcing Section 504, impliedly foreclosing others. Reply Br. 18-25. For that reason, the Court need not consider whether (as plaintiffs read *Cook* to suggest) equitable claims can proceed under a lesser standard if Congress has *not* impliedly precluded equitable review.

Sincerely,

*/s/ Daniel Winik*
Daniel Winik

cc: All counsel (via CM/ECF)